IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 28, 2001

## STATE OF TENNESSEE v. RANDALL P. BAKER

**Appeal as of Right from the Circuit Court for Williamson County**
**No. II-900-288      Timothy L. Easter, Judge**

———————————

**No. M2001-01603-CCA-R3-CD - Filed March 8, 2002**

———————————

Pursuant to a bench trial, the appellant, Randall P. Baker, was convicted of one count of failure to appear, a class E felony. The trial court sentenced the appellant as a career offender to six years incarceration. On appeal, the appellant contests the trial court's order mandating that his sentence be served consecutively to another sentence not yet served. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Eugene Honea, Franklin, Tennessee, for the appellant, Randall P. Baker.

Paul G. Summers, Attorney General and Reporter; Angele M. Gregory, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Sharon E. Guffee, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

On August 22, 1999, the appellant was convicted of second offense driving under the influence (DUI) and of driving on a revoked licence.[1] The appellant requested additional time before beginning service of his eighteen month sentence in order to "take care of" or "check on" his daughter.[2] The trial court allowed the appellant until August 25, 2000, to report for service of his

---

[1] The appellant received consecutive sentences of eleven months and twenty-nine days incarceration for the DUI conviction and six months incarceration for his driving on a revoked license conviction.

[2] The transcript of the trial for the DUI and driving on a revoked license convictions, which would contain
(continued...)

sentence. The appellant remained on bond in the interim. However, the appellant failed to report at the time designated by the court. The appellant was discovered, two or three weeks later, and brought in to begin serving his sentence.

Subsequently, pursuant to a bench trial, the court found the appellant guilty of failure to appear, a class E felony. See Tenn. Code Ann. § 39-16-609(e) (1997). At the sentencing hearing, after reviewing the available evidence, the trial court sentenced the appellant as a career offender to six years incarceration, with sixty percent of the sentence to be served in confinement. The trial court further noted that the appellant was an offender whose "criminal history is extensive" and ordered the instant sentence to be served consecutively to the appellant's eighteen month sentence previously imposed. The appellant now appeals the consecutive nature of this sentence.

## II. Analysis

Appellate review of the length, range, or manner of service of a sentence is de novo. Tenn. Code Ann. § 40-35-401(d) (1997). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the appellant in his own behalf; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102 and -103 (1997),-210 (2001 Supp.); see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). Moreover, we note that, because the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Tenn. Code Ann. § 40-35-401(d); Ashby, 823 S.W.2d at 169. Regardless, the burden is on the appellant to demonstrate the impropriety of his sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

The appellant does not contest the length of his sentence or his designation as a career offender; rather, the appellant contends that the trial court erred by running his sentence for failure to appear consecutively to his previous eighteen month sentence. Tenn. Code Ann. § 40-35-115(b) (1997) provides that, if the appellant meets one of the listed criteria, a trial court may, in its discretion, impose consecutive sentences. Moreover, if the trial court determines that consecutive sentencing is appropriate because the appellant is a dangerous offender, the court must also find that the sentence reasonably relates to the severity of the appellant's offenses and that confinement is necessary to protect society from further criminal conduct by the appellant. See State v. Lane, 3 S.W.3d 456, 460-61 (Tenn. 1999); State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995).

---

[2](...continued)
the precise language of the request, is not included in the record for our review.

In the present case, the trial court imposed consecutive sentencing because the appellant "is an offender whose record of criminal activity is extensive." Tenn. Code Ann. § 40-35-115(b)(2). Specifically, the trial court stated to the appellant:

> It makes me uneasy to think that you would get out any earlier than I could absolutely order you to serve with this record, which indicates a lot of criminal conduct involving drinking and driving and hurting people, vehicular assault, reckless endangerment, multiple DUIs. I don't think I could live with myself if you got out one day early and hurt somebody else or killed somebody because you're drinking and driving.

A review of the appellant's presentence report clearly reveals that the appellant has, in addition to the seven prior felony offenses used to establish his career offender status,[3] numerous convictions for DUI and driving on a revoked license. See State v. Palmer, 10 S.W.3d 638, 649 (Tenn. Crim. App. 1999); State v. Robbie R. Bailey, No. E2001-00210-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 918, at *26 (Knoxville, November 29, 2001). Additionally, the presentence report notes that "[t]he [appellant] has additional driving offense convictions that are not listed above (he was convicted of DUI 8th offense in 1997)." See State v. James Clifford Wright, No. 01C01-9811-CC-00476, 1999 Tenn. Crim. App. LEXIS 1121, at **7-8 (Nashville, October 29, 1999); State v. Fred Edmond Dean, No. 03C01-9508-CC-00251, 1997 Tenn. Crim. App. LEXIS 10, at **35-36 (Knoxville, January 10, 1997). We conclude that this history is sufficiently extensive to warrant the imposition of consecutive sentencing.

Moreover, we note that the trial court also had authority to sentence the appellant to consecutive sentences under Tenn. Code Ann. § 39-16-609(f) (1997), which statute provides that "[a]ny sentence received for [failure to appear] may be ordered to be served consecutively to any sentence received for the offense for which the defendant failed to appear." See State v. Scotty Ray Haynes, No. 01C01-9706-CC-00227, 1998 Tenn. Crim. App. LEXIS 385, at *12 (Nashville, March 27, 1998). "Thus, upon a conviction for failure to appear, it is left to the discretion of the trial court whether to impose a consecutive sentence or a concurrent sentence." State v. John David Rankin, Jr., No. 03C01-9511-CC-00369, 1996 Tenn. Crim. App. LEXIS 510, at *17 (Knoxville, August 19, 1996). Accordingly, the trial court could have, in its discretion, also properly ordered consecutive sentencing based upon this statute.

### III.  Conclusion

Based upon the foregoing, we affirm the judgment of the trial court.

_____

---

[3] The seven felony offenses consist of automobile burglary, petit larceny, second degree burglary, concealing stolen property, grand larceny, vehicular assault, and reckless endangerment.

NORMA McGEE OGLE, JUDGE